PLEASE

ENTER

AS

EXHIBIT A -

DEFENDANT'S

SWORN AFFIDAVIT

## AFFIDAVIT OF SWORN TRUTH

### AFFIDAVIT OF :

### HECTOR BIENVENIDO ARIAS

I, Hector Bienvenido Arias (herein affiant), declare and do certify, under penalty of perjury (Title 28 U.S.C.A. § 1746), that the following stated facts, contained in this affidavit, are true, correct, complete, certain, and in good faith. It is with no intention to delay, or obstruct, and not misleading.

I am a first - party, competent witness to these stated facts, and am willing/ready/ prepared to testify in an open court of law - under the penalty of perjury - to the following stated facts;

I, Hector Bienvenido Arias (herein affiant), am the Defendant in the case; UNITED STATES OF AMERICA  -vs-  HECTOR BIENVENIDO ARIAS, in Criminal Case No. 1:01 CR 10056-0001, in the UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF MASSACHUSETTS, BEFORE THE Honorable Judge Mark L. Wolf - UNITED STATES DISTRICT JUDGE.

Affiant submits this affidavit of truth - of complaint concerning his (then) attorney of law and representative, Mr. James E. McCall, Attorney at Law, located at 4 Longfellow Place, Suite 3703, in Boston, Massachusetts  02114. Affiant has submitted a motion under Title 28 of the U.S.C.A. §2255, and this affidavit is to serve as Exhibit A - to the affiant's Memorandum Brief of his §2255 Motion. This document of sworn truth is to establish ground suffiency to the ineffective assistance of counsel that affiant involuntary received from his attorney of law. Attorney McCall is having this complaint filed against him for the following reasons ;

1)' Attorney McCall would not object to any moves put into motions in open court. This happened mostly at the sentencing hearing when affiant would not understand what was happening, and when he did, asked for objection, and attorney McCall would simply say, "it is all in your (affiant's) best interest," when clearly, it was not.

2) Attorney McCall would not include a "Notice of Appeal", when asked to do so by affiant. Affiant had to submit his own hand-written notice of appeal to the court, because attorney McCall willingly neglected to do so.

3) Attorney McCall had originally threatened affiant to plea out to this case. Attorney McCall threatened affiant with 22 years, if affiant was not to plea out. Attorney McCall had told affiant that if we proceed to trial, you will receive 22 years.

4) Attorney McCall also threatned and coerced affiant into taking the plea agreement by making accusations that his son, and his wife will also go to prison if he proceeds to trial.

5) Attorney McCall would always advise affiant to, "take the plea, or else...", attorney

(1)

McCall threatened and coerced his own client with "consequences" if he was to do anything but stay quiet throughout his whole proceedings.

6) Affiant would constantly ask for his discovery, and it took attorney McCall over a year to deliver affiant's discovery to him. Affiant consistently requested his discovery packet for a whole year before finally receiving it.

7) Even after receiving discovery, attorney McCall would not go over the discovery with his client.

8) Attorney McCall would not do as requested by his client - certainly could not answer why it took affiant 22 months to get sentenced for a plea agreement. This was a major setback for affiant and his family, that attorney McCall would not respond to affiant as to why it was taking so long to get sentenced (22 months).

9) Attorney McCall, on numerous occassions, would not return affiant's phone calls, and would not answer many of his questions and concerns, or his family's questions and concerns.

10) Affiant had confided with attorney McCall to confront and confide to the Judge personally, and on numerous occassions, attorney McCall refused him that right, and even told affiant, "that if you say anything outside the yes or no forum, it will not be a good thing, and you will be hurting your chances of anything good happening."

11) Before affiant's sentencing, affiant approached attorney McCall with some APPRENDI paperwork, to work in his favor - and attorney McCall never even brought up the slightest suggestion of that case.

12) Affiant also showed attorney McCall the contradictions stated by affiant's co-defendants - especially Awilda Osorio, and attorney McCall did absolutley nothing about it.

13) Attorney McCall made affiant believe that everything was fine.  In the beginning, attorney McCall would tell the affiant, "Don't worry, there is no evidence against you, we will win,"  then attorney McCall turned the role, and started making accussations, threats, and coercing affiant, and making affiant think that there is no other option - but to plea guilty.

Respectfully Submitted,

*HECTOR B. ARIAS*
Hector Bienvenido Arias
Reg. No. 23566-038
FCI Elkton
P.O. Box 10
Lisbon, Ohio  44432

Respectfully Submitted,

Date: September 16, 2002.

x Hector D. arios
HECTOR B. ARIAS, PRO SE
PCCF (UNIT H3)
26 LONG POND ROAD
PLYMOUTH, MA 02360

CC.: - FILE.

CMR # 7001 2510 0008 8460 5111

## CERTIFICATE OF SERVICE

I, HECTOR B. ARIAS, PRO SE, hereby certify that a copy of the foregoing notice of Appeal was served on this 16th day of September, 2002, via regular mail MR. MICHAEL PEL-GRO, Assistant U.S. Attorney, at U.S. DISTRICT COURT, 1 Courthouse Way, Suite 9200, BOSTON, MA 02210

x Hector D. arios
HECTOR B. ARIAS

000008

-2-

PLEASE

ENTER

AS

EXHIBIT C -

LETTER FROM

ATTORNEY McCALL

## JAMES E. MCCALL
ATTORNEY AT LAW

———

4 LONGFELLOW PLACE, SUITE 3703
BOSTON, MASSACHUSETTS 02114
TEL. (617) 720-2900  •  FAX. (617) 742-5761

December 20, 2002

Hector B. Arias
23566-038
FCI Elkton
8730 Scroggs Road
P.O. Box 89
Elkton, Ohio 44415

Dear Hector,

I hope this letter finds you in improving health. I am sure the facility you are in now is a much better place than the Plymouth County Correctional Facility, and I hope you are more comfortable now than when you were at Plymouth.

As we previously discussed, I do not believe that you have any viable issues on appeal. You pled guilty, we agreed to the weight, the role in the offense was evident, and we ultimately prevailed on avoiding a two point upward adjustment for obstruction of justice, and succeeded in getting a three level decrease for acceptance of responsibility. If it is your desire to pursue an appeal, pleas sign the enclosed affidavits, filling out the affidavit to accompany the Motion for Leave to Appeal in Forma Pauperis, and return them to me in the enclosed stamped envelope. This will enable you to petition the court for a court appointed (free) attorney to take a fresh look at your situation and your sentence.

Very Truly Yours,

James E. McCall

enc.

PLEASE

ENTER

AS

EXHIBIT D -

PSR pages 36 & 57

into the year 2000. At some point, Charles had a dispute with "Moreno" and she gave her pager and customer list to "Rudy", who began servicing her former customers.

(121) Charles provided the government with her personal papers and her electronic organizer. The latter device contained several telephone numbers for "Boogie" (Hector B. Arias), "Andy" (Hector A. Arias), "Moreno" (Sixto Soto), "Juan Carlos" (Juan Soto), "Rudy" (Tejeda), "Rudelki" (Carrasquillo), and Osorio.

### Information from Awilda Osorio

(122) After her arrest and incarceration in this case, Awilda Osorio began cooperating and she proffered information under an agreement with the government that the information would not be used against her. Osorio was born on July 29, 1960 in Puerto Rico and she came to Massachusetts as a child. Osorio began using heroin in her late 20s and she continued to use heroin until the time of her arrest. She also used cocaine for approximately the same time. She has been through various drug treatment programs, the last one in November 2000. She began selling heroin at some point in the 1990s.

(123) Osorio stated that she met "Boogie" (Hector B. Arias) in the mid-1990's because "Boogie" was involved in a romantic relationship with a woman named Olga Velasquez. Velasquez was a friend of Osorio and lived with Osorio for a period of time at Osorio's apartment at 89 Shirley Street in Roxbury. Velasquez told Osorio that "Boogie" sold "dope" (heroin) and that he supplied her with heroin. Velasquez used and sold heroin. "Boogie" frequently visited Velasquez at Osorio's apartment. Through these visits, Osorio learned that "Boogie" was a Dominican, that he lived in South Boston with a woman named "Yolanda" (Herrera), that he drove a blue van, and that he worked at Raymond's Tire Shop.

(124) Osorio began purchasing heroin from "Boogie" in the mid-1990's and she usually bought 1 brick per day. She sometimes bought 2 bricks. Osorio both used and resold the heroin. She stated that 10 bags were bound together into a bundle and that 5 bundles were packaged together to make a brick.

(125) Osorio stated that "Moreno" (Sixto Soto) was the first delivery person who serviced her and that "Moreno" drove a brown Lincoln Continental (this was the car driven by Sixto Soto in the first two sales to UCO-1 in January 1999 and when Sixto Soto was

father (**Hector B. Arias**) had a credit card. Arias accused CW-3 of buying heroin from "Rudy" (Tejeda) and CW-3 assured Arias that he was not. CW-3 stated that he would call Arias when he needed something.

### Encounters with Awilda Osorio

(214) On the morning of February 11, 2000, two DEA surveillance agents arrived outside Awilda Osorio's apartment at 89 Shirley Street in Roxbury. They observed Gonzalez enter the building, exit the building after five minutes, and drive away. Five minutes later, they observed Osorio and another Hispanic female exit the building, drive a short distance away, and meet with two males who were known to be heroin users. The agents observed one of the males approach Osorio's vehicle with cash in his hand. The agents approached Osorio and reminded her of their past encounter in which they recovered heroin from her. Osorio stated that she was still buying heroin from **"Boogie's"** organization and that "Andy" and "Linna" (Gonzalez) were making the deliveries for the organization.

(215) On February 14, 2000, the agents interviewed Osorio. She stated that she had been buying bricks of heroin from **"Boogie's"** organization on a daily basis for approximately two years. Osorio stated that **"Boogie"** had several people selling heroin for him, including "Andy" (Hector A. Arias), "Linna" (Gonzalez - who, according to Osorio, made a majority of deliveries), "Paula" (Paula Cruz), "Moreno" (Sixto Soto), "Juan" (Juan Soto), "Rudy" (Tejeda), and "Jose" (Carrasquillo). Osorio stated that "Moreno" and "Rudy" were no longer involved with **"Boogie"** due to various problems. Osorio stated that **"Boogie"** never made deliveries due to his fear of being arrested and that he was very careful about who worked for him. Osorio stated that Giovanni Charles purchased up to 30 bricks per day from **"Boogie"** and/or "Moreno."

### April 28, 2000 - Count 30

(216) On April 25, 2000, CW-3 called cellular telephone number (617) 359-3634 and had a recorded telephone conversation with Gonzalez, who stated that she had a baby girl. She handed the telephone to Hector A. Arias, who stated that his other telephone (617) 710-9672 - was disconnected three days ago and that CW-3 could call him at this number. CW-3 stated that he had been buying from somebody else, but that the stuff was not good. Hector A. Arias asked CW-3 what he wanted and Arias stated that he could call the new number and talk to "Linna" if he needed something.

<u>CERTIFICATE OF SERVICE</u>

    I, Hector Bienvenido Arias, do hereby certify that one (1) original along with three (3) copies of the Motion under Title 28 USC §2255 to vacate, set aside, or correct sentence by a person in Federal Custody, has been served upon the Clerk of Courts at The United States District Court - For The District of Massachusetts, via United States Postal Service - Certified Mail Receipt # /003 1680 0004 6618 3739. Also, a copy (1) of the same motion (Title 28 USC §2255) has been served upon Michael J. Pelgro, Assistant United States Attorney, via regular U.S. Mail. These documents were deposited into the "Legal Mailbox" located at FCI Elkton, in Lisbon, Ohio, on March 30, 2005. Said documents were served upon the following addresses:

<u>Clerk of Courts</u>
United States District Court
For The District of Massachusetts
<u>c/o JUDGE MARK L. WOLF</u>
United States Courthouse
1 Courthouse Way
Boston, Massachusetts  02210

<u>Sent via Certified Mail Receipt # /003 1680 0004 6618 3739</u>

<u>Michael J. Pelgro, Esquire</u>
Assistant United States Attorney - District of Massachusetts
United States Attorney's Office - U.S. Department of Justice
United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts  02210

<u>Sent via Pre-Paid Regular U.S. Mail</u>

Respectfully Submitted,

**VERIFICATION OF PLEADING**

I, Hector Bienvenido Arias, declare and certify, under Penalty of Perjury (Title 28 USCA §1746), that the aforementioned in the motion and memorandum brief is true, correct, complete, certain, and in good faith. It is with no intention to delay, or obstruct, and not misleading. This also for this Certificate of Service. I am a first-party, competent witness to these facts, and am ready/willing/prepared to testify in open Court of law under the penalty of perjury, on this 30th day of March, 2005.

*HECTOR B. ARIAS*
Hector Bienvenido Arias
Reg. No. 23566-038
FCI Elkton
P.O. Box 10
Lisbon, Ohio  44432

Respectfully Submitted,

*HECTOR B. ARIAS*
Hector Bienvenido Arias, pro se
Reg. No. 23566-038

Clerk of Courts
United States District Court
For The District of Massachusetts
United States Courthouse
1 Courthouse Way
Boston, Massachusetts  02210

March 30, 2005

RE:  UNITED STATES OF AMERICA  -vs-  HECTOR BIENVENIDO ARIAS
     Criminal Case Number :  1:01 CR 10056-001  MLW

MAGISTRATE JUDGE _Alexander_

Clerk of Courts,

05   10684 MLW

     Please find enclosed one (1) original and three (3) copies of the above-captioned

Defendant's Motion under Title 28 USC §2255 to Vacate, Set Aside, or Correct sentence

by a person in Federal Custody.  Please file these documents accordingly, and please

return one (1) of the copies back with your official seal, stamp, authentication of receipt,

as soon as your duties allow you to do so.  This stamped copy will be filed with the

Defendant's records and personal file.

     Your prompt attention, dedication, time, and effort is very much appreciated.  Thank

You for your prompt service to this matter.

Respectfully Submitted,

_HECTOR B. ARIAS_
Hector Bienvenido Arias
Reg. No. 23566-038
FCI Elkton
P.O. Box 10
Lisbon, Ohio  44432

cc: files

Certified Mail Receipt Number:  /003 1680 0004 6618 3739

AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| **United States District Court** | District |
| | For The District of Massachusetts |
| Name of Movant  HECTOR BIENVENIDO ARIAS | Prisoner No.  23566-038 | Case No.  T:01 CR 10056-001 MLW |
| Place of Confinement |
| FEDERAL CORRECTIONAL INSTITUTION (FCI) ELKTON located in Lisbon, Ohio 44432 |

|  | | |
| UNITED STATES OF AMERICA | V. | HECTOR BIENVENIDO ARIAS |
| | | (name under which convicted) |

# MOTION  05 cv 10684 MLW

1. Name and location of court which entered the judgment of conviction under attack  UNITED STATES DISTRICT COURT

   FOR THE DISTRICT OF MASSACHUSETTS (1 Courthouse Way Boston, MA 02210)

2. Date of judgment of conviction  SEPTEMBER 12, 2002

3. Length of sentence  168 Months

4. Nature of offense involved (all counts)  Count One (1), in violation of Title 21

   U.S.C. § 846; Conspiracy to Distribute

   Heroin.

5. What was your plea? (Check one)
   (a) Not guilty  ☐
   (b) Guilty  ☒
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☐
   (b) Judge only  ☐

   MAGISTRATE JUDGE Alexander

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court __United States Court of Appeals - First Circuit__

   (b) Result __It was DENIED__

   (c) Date of result __April 12, 2004  (on or about)__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

    (2) Nature of proceeding _____

    _____

    (3) Grounds raised _____

    _____

    _____

    _____

    _____

    _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐ No ☐

    (5) Result _____

    (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____

    _____

    (3) Grounds raised _____

    _____

    _____

    _____

    _____

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐ No ☐

(5) Result_____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
   (1) First petition, etc.        Yes ☐ No ☐
   (2) Second petition, etc.       Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
   Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
   (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
   (b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: ____ Did Defendant receive the Constitutionally guranteed effective assistance of counsel at plea negotiations and at senten

Supporting FACTS (state *briefly* without citing cases or law) Counsel failed to notice and object to the erroneous calculation of the sentencing court. Further failed to object to certain issues adopted by the court. (See Memorandum Brief and Enclosed Exhibits).

_____

_____

B. Ground two: ____ Does the sentence imposed by the court violate Defendant's rights to the Sixth Amendment to the U.S. Constituti

Supporting FACTS (state *briefly* without citing cases or law): In light of recent Supreme Court rulings, and in light of the United States Constitution, any facts that increase the penalty must be proven by jury findings, not judicial fact finding.

_____

_____

C. Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

These grounds were brought up earlier to attorney McCall, and attorney McCall refused to abide by his client's requests. Another attorney was appointed, and that attorney attacked the rest on the direct appeal. The direct appeal was denied on or about April 12, 2005.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing ___James E. McCall, Esquire___
Attorney at Law-4 Longfellow Place, Suite 3703/Boston, MA 02114

(b) At arraignment and plea ___James E. McCall, Esquire    Attorney at Law___
4 Longfellow Place, Suite 3703 / Boston, Massachusetts 02114

(c) At trial _____

(d) At sentencing ___James E. McCall, Esquire    Attorney at Law___
4 Longfellow Place, Suite 3703 / Boston, Massachusetts 02114

## PROCEDURAL OVERVIEW

On February 8, 2001, a grand jury returned a 31-count indictment against Hector Bienvenido Arias (herein Defendant) and several other persons. Defendant was charged in Count 1 of the indictment with Conspiracy to Distribute and to posses with intent to Distribute Heroin, in violation of Title 21 USC § 846.

On May 31, 2001, a grand jury returned a 35-count superceding indictment in the case. Again, Defendant Arias was charged in Count 1 of the superceding indictment, in violation of Title 21 USC §846.

Defendant Arias appeared in Court, along side of, and in the control of his (then) counsel, James E. McCall, Esquire, and before the Honorable Judge Mark L. Wolf on May 31, 2002. Defendant Arias pleaded guilty to Count 1 of the superceding indictment.

The sentencing of the Defendant began with a status conference hearing in the District Court on September 5, 2002 (Court Docket No. 314). It was then resumed with a full-day evidentiary hearings on September 10, 11, and 12, 2002, and a non-evidentiary hearing on September 17, 2002.

Defendant Arias was sentenced by Judge Mark L. Wolf to 168 months imprisonment, to be followed by 60 months of supervised release, a fine of $100,000.00, and a special assessment fee of $100.00.

Defendant filed for a direct appeal. The direct appeal was briefed and argued by Defendant's appeal counsel, Douglas J. Beaton, Esquire. The direct appeal was heard and denied on or about April 12, 2004.

Defendant now submits his appeal motion under Title 28 USC §2255 to vacate, set aside, or correct sentence by a person in Federal Custody.

---

The District Court Docket entries for this Memorandum Brief are cited/will be cited as (Court Docket No.___), with the ___ being the actual number of the actual docket. The Probation Department's revised pre-sentence investigation report on the Defendant is cited by paragraph number as (PSR ___), ___ being the number of the paragraph.

(1)

### MEMORANDUM BRIEF

Now Comes Defendant, Hector Bienvenido Arias, pro se, and on behalf of himself, respectfully submits in support of his motion under Title 28 USC §2255 to vacate, set aside, or correct sentence by a person in Federal Custody - his Memorandum Brief.

Defendant has two different grounds on which he contests. These two grounds are:

GROUND ONE :    Defendant was misrepresented, misadvised, and involuntary received ineffective assistance of counsel.

GROUND TWO :    Defendant was sentenced unconstitutionally, including enhancements on conduct without actual finding beyond a reasonable doubt, nor admitted to by the Defendant. Also, Defendant received enhancements on issues that the government had agreed to dismiss.

### I.   INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant submits receiving ineffective assistance of counsel from James E. McCall, Esquire.  Attorney McCall violated many constitutional rights of the Defendant, especially his Sixth Amendment right (See Exhibit A - Defendant Arias' Sworn Affidavit).

There were many disagreements and conflicts between Attorney McCall and Defendant Arias.  Defense counsel failed to notice and object to certain enhancements on behalf of the Defendant.  The major disagreement was whether the Defendant should have filed a direct appeal.  Defendant was pushed to the point of hand-writing his notice of direct appeal and sending it in, with limited tools for preparation, to the clerk of courts himself. Defendant's defense counsel repeatedly refused to file anappeal, hence forcing the Defendant to do it himself (See Exhibit B - Pro Se Mtion).  In fact, some two months after the fact, this defense counsel contradicts his own self by sending a letter to Defendant Arias, stating, "I do not belive that you have any viable issues on appeal," (See Exhibit C - Letter from McCall).  In this letter, Attorney McCall made it evident that if Defendant Arias was to further his appeal, that he (McCall) was not doing the appeal (last paragraph - Exhibit C).  This all contradicts the "Notice of Appeal" that attorney McCall submitted and docketed to the Court, two months earlier - time/date stamped by the clerk of courts on October 4, 2002. (See Court Docket No. 374).  It is also evident that attorney McCall was not

going to file an appeal, and surely did not file an appeal until he was aware of his client filing his own "Notice of Appeal". Failure to file requested appeal is ineffective assistance of counsel, irrespective of possibility of success on merits; US v. FOSTER, 68 F3d 86 (1995).

Attorney McCall failed to notice and object to, or simply willingly neglected to object to a critically proffered statement by a co-conspirator, that contradicted and perjured herself to help enhance Defendant Arias a further four-level increase in offense level as an organizer or leader of the conspiracy pursuant to USSG § 3B1.1 (a). This also called for a major conflict of interest between attorney McCall and Defendant Arias, and caused prejudice to the Defendant. Reversal mandated if prejudice is proven on attorney-client relationship; US v. MORRISON, 449 US 361 66 LEd2d 564, 101 SCt 665 (1981).

There is a two-prong test of effective assistance of defense counsel. It holds; 1) reasonably effective assistance, and 2) reasonable probability of different result with effective assistance. This test was held in a Supreme Court ruling in STRICKLAND v. WASHINGTON, 466 US 688, 80 LEd2d 674, 104 SCt 2052 (1984). Attorney McCall failed both of these prongs in this case, thus rendering a violation of the Defendant's Sixth Amendment of the United States Constitution. Right to conflict-free representation derives from the Sixth Amendment, as applied to statutes by due process clause of the Fourteenth Amendment; GARCUA v. BUNNELL, 33 F3d 1193 (1994); DAWAN v. LOCKHART, 31 F3d 718 (1994).

Criminal defense is entitled to counsel whose undivided loyalties lie with client; SPREITZER v. PETERS, 114 F3d 1435 (1997).


## II.   AN UNCONSTITUTIONAL SENTENCE


Defendant submits an unconstitutional sentence while receiving a four-level enhancement increase in his sentencing offense level as an organizer or leader of a heroin conspiracy. This creates a conflict where the proffered facts indicated that certain other defendants were primarily responsible for running the organization throughout most of the period in question.

The government's version of the offense in this case claimed that the Arias organization received heroin from multiple suppliers (PSR 6). One of the sources of supply was supposedly from an entirely separate conspiracy led by an individual named Sandy Feliz Reyes, which subsequently resulted in a separate Federal prosecution in the District of Massachusetts (Id).

There are many witnesses that contradict Defendant Arias being an organizer or leader.

(3)

The witnesses that have incriminated Defendant Arias have done so for an exchange of a reduced sentence. This is a proffer. As a rule of law, any proffered testimony does not hold any weight, for the simple fact that the witnesses can not be held credible.

Even though in a proffer agreement, Isabel Ramos said that when in 1999, she decided to go out on her own, she approached Defendant Arias to supply her. But in fact, it was Fernando Soto and "Andy" (Defendant Arias' son) that conducted the transaction.

In addition, a cooperating witness (CW-1) who witnessed a transaction done by Sixto Soto Pimentel - a fugitive in this case. CW-1 never did witness Defendant Arias' conduct any transaction or play any role in the transaction.

In another proffer, Jose A.Cruz told officials that he had never met Defendant Arias (PSR 142).

In a proffer agreement and a contradiction, Awilda Osorio told government officials that she met Defendant Arias in the mid 1990's (PSR 123). The contradiction openly appeared in the PSR - a document adopted by the District Court as a document of truth. The contradiction occurs on pages 36 and 57 of the PSR. In one statement, Osorio states that she would meet Defendant Arias for transactions - this was also incorporated into DEA written statements. In another statement, Osorio stated that she never witnessed Defendant Arias making any deliveries (See Exhibit D, PSR pgs. 36 & 57).

With regard to the Defendant, the safety-valve proffer of Max G. Palencia Campos elicited only the hearsay information that co-defendant Juan Soto Pimentel was supposedly working for Defendant Arias, even though Palencia did not even know the Defendant (PSR 134-135).

The DEA discovered that "Andy", the Defendant's son, "was a prolific user to the telephone....." (PSR 230). "At the beginnning of the surveillance, 'Andy' was making deliveries as well as making arrangements to obtain the heroin for the organization" (Id). As the PSR states, the DEA went on to intercept hundreds of telephone conversations, most of them involving "Andy".

## STANDARD OF REVIEW:

"Since the determination of whether a defendant played (an) aggravated role is fact intensive," this Court will reverse a determination if it is clearly erroneous; US v. GONZALEZ-VASQUEZ, 219 F3d 37, 43 (1st Cir. 2000); US v. SANTOS, 357 F3d 136, 2004 LEXIS 2330, *11 (1st Cir. February 12, 2004).

## DEFENDANT'S ROLE IN THE OFFENSE:

In distinguishing a leadership and organizational role from one of mere manangement or supervision, titles such as "kingpin" or "boss" are not controlling; USSG §3B1.1,

Commentary Application Note 4.

   Role-in-the-offense determinations are notoriously fact-sensitive, and this case is no exception; US v. ORTIZ-SANTIAGO, 211 F3d 146 (1st Cir. 2000). The government must prove by a preponderence of the evidence that a defendant's role satisfies the requirements of the Sentencing Guidleines; US v. STEIN, 233 F3d 6, 19 (1st Cir. 2000). Although a conspiracy may have several individuals deserving a four-level enhancement, imposing multiple enhancements may be inappropriate in a case where one individual is "more clearly a leader" ; US v. MARTINEZ-MEDINA, 279 F3d 105, 124 (1st Cir. 2002).

   The pertinent factors in the analysis are each individual's (1) exercise of decision making authority; (2) the nature of participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority over others; US v. SCOTT, 270 F3d 30, 51 (1st Cir. 2001).

   The government's characterization of Defendant Arias as "the classic insulated leader," is belied by a close reading of the pre-sentence report, which again, is adopted as fact by the sentencing court. For example, there have been many times when Defendant Arias took the low-level, high risk duty of delivering heroin directly to South Boston addicts. Bringing back our non-credible witness, Awilda Osorio told DEA agents that "she had purchased bricks of heroin directly from defendant Arias on several occasions in the past" (PSR 63). See e.g. PSR 282 and PSR 344 where Defendant Arias was directly involved.

   It is evident that the latter stages of the conspiracy further confirms that it was not Defendant Arias who was in control. As indicated by the above excerpts, a fair and balanced review of the entirety of the facts presented to the District Court supports a finding that the Defendant should not have received a four-level increase as the supposed "leader" of the organization. As described above, there are serious questions outstanding concerning the crucial factors of "exercise of decision making authority," and the Defendant's degree of control and authority over others; US v. SCOTT, 270 F3d 30, 51 (1st Cir. 2001).

   Since the Court erred in it's appraisal of the facts of this case, mistakenly pinning the Defendant as a manager or leader of a drug conspiracy, the case should be reversed and remanded for re-sentencing.


## CONCLUSION


   In conclusion, since the Sentencing District Court's polemical response to the proffered facts was superficial and clearly in error, the judgement shall be reversed and the case be remanded back for re-sentencing.

WHEREFORE, for the aforestated reasons, and in consideration of the facts and legal authority set forth within the Defendant's Memorandum Brief, the Defendant respectfully moves this Honorable Court to reverse the judgement imposed, and this case shall be remanded back to the Sentencing District Court for re-sentencing.

Considering the legal facts, legal authority, and the circumstances of this case, Defendant's motion shall be, in all respects, granted.

Respectfully Submitted,

*HECTOR B. ARIAS*
Hector Bienvenido Arias
Reg. No. 23566-038
FCI Elkton
P.O. Box 10
Lisbon, Ohio  44432

## VERIFICATION OF PLEADING

I, Hector Bienvenido Arias, declare and do certify, under penalty of perjury (Title 28 U.S.C.A. § 1746), that the aforementioned in the Defendant's Motion and attched Memorandum Brief is true, correct, complete, certain, and in good faith.  It is with no intention to delay, or obstruct, and not misleading.

I am a first - party, competent witness to these stated facts, and ready/willing/prepared to testify in open court of law under the penalty of perjury, on this 30th day of March, 2005.

Respectfully Submitted,

*HECTOR B. ARIAS*
Hector Bienvenido Arias
Reg. No. 23566-038
FCI Elkton
P.O. Box 10
Lisbon, Ohio  44432