SCANNED
DATE: 1-13-05
BY: [signature]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HECTOR BIENVENIDO ARIAS,
    Petitioner,

v.                              CIVIL ACTION NO. 05-10684-MLW

UNITED STATES OF AMERICA,
    Respondent.

## PETITIONER'S MOTION FOR EXTENSION OF TIME

    Petitioner, Hector Bienvenido Arias, pro se and on behalf of himself, respectfully submits to this Court this motion for extension of time, for his attached traverse motion to the Government's Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct sentence by person in Federal Custody, under Title 28 U.S.C. §2255. The Petitioner respectfully requests that this Court grant it leave to file his traverse motion to the Government's Oppostion, in light and in respect of having previously granting the Government a leave to file, on more than one occassion. Petitioner supports with the following:

    Petitioner never received a schedule from the Court, itemizing the dates and times of the deadlines assigned to each party. The petitioner is also incarcerated in a Federal Prison, and is very limited to the options he has access to. Due to the extensions that were granted to the Government, it is the Petitioner's request, that he be granted the same.

    Accordingly, for the aforementioned facts, the Petitioner respectfully requests that this Honorable Court grant the Petitioner, in all respects, this motion.

Respectfully Submitted,

*Hector B. Arias*
Hector Bienvenido Arias
Reg. No. 23566-038
FCI Elkton
P.O. Box 10
Lisbon, Ohio 44432

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HECTOR BIENVENIDO ARIAS, )
   Petitioner, )
          )
 v. )
          ) CIVIL ACTION NO. 05-10684-MLW
UNITED STATES OF AMERICA, )
   Respondent. )

---

PETITIONER'S TRAVERSE MOTION
TO GOVERNMENT'S OPPOSITION
TO TITLE 28 U.S.C. §2255

---

  Petitioner Hector Bienvenido Arias, pro se and on behalf of himself, respectfully submits and files his Motion and Memorandum of this Traverse, responding to the Government's Memorandum In Opposition To Petitioner's Motion, under Title 28 U.S.C. §2255.

  Petitioner previously filed, along with exhibits, his motion under Title 28 U.S.C. §2255, on two main grounds. The first ground consisted of if the Petitioner had received the Constitutionally guranteed effective assistance of counsel at plea negotiations and at the Petitioner's sentencing. The second ground was stated as the Petitioner not being exposed to a sentence that did not violate his Sixth Amendment Right to the United States Constitution. That, in fact, the Court did violate the Petitioner's rights to the sixth amendment.

  The second ground was brought up in light of the recent Supreme Court decision. That decision specifically being <u>United States v. BOOKER/FANFAN</u>, 543 U.S. 2005 U.S. LEXIS 628(2005), specifically January 12, 2005. The Petitioner is preserving his right to this Supreme Court ruling. The Petitioner wants to be as clear as possible, that the Petitioner is specifically reserving and preserving his standing on the <u>BOOKER</u> and <u>FANFAN</u> cases.

In addition, the BOOKER/FANFAN decisions were derived from the case of BLAKELY v. WASHINGTON, 124 SCt. 2531(2004). However, the Government insists on retroactivity. The Supreme Court never applied any mention, nor any application towards retroactivity. It is frivolous for the Government to use "retroactivity" as their only argument towards enhancements.

The opinion of the Supreme Court makes no mention of the retroactivity. However, Justice Stevens in his opinion, began his discussion by citing JONES v. UNITED STATES, U.S. 227 (1999). Based upon this information and the prior descent of Justice O'Connor in BLAKELY, it is possible to argue that BOOKER must be applied to every Federal Defendant who was sentenced under the Federal Sentencing Guidelines who received a sentence above the True statutory mandatory minimum, for the crime in question.

UNITED STATES v. BOOKER, 543 U.S. 160 L.Ed.2d 621, 125 S.Ct. 738 (2005) held that sentencing by judge-determined facts, under the Federal Sentencing Guidelines, by preponderance, violates the Sixth Amendment right to trial by jury. To remedy the prblem, it has now been established that the Guidelines are strictly discretionary, instead of mandatory, and it was adopted unreasonableness as the standard of appellate review.

BOOKER invalidated the Guidelines both on a Sixth Amendment jury trial violation, as well as the APPRENDI v. NEW JERSEY, 530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348 (2000) due process doctrine. BOOKER has also arguably made its new rule retroactive in many ways, one being by remedially severing and excising parts of the Federal Sentencing Act of 1984 akin to legislating the Supreme Court in BOOKER modified the Federal Sentencing Guidelines nunc pro tunc to their November 1, 1987 effective date, FREEBORN v. SMITH, 69 U.S. 160, 168, 17 LEd. 922, 175, 2 Wall 160 (1865).

## INEFFECTIVE ASSISTANCE

As to the effective assistance prong, there are still many issues that are arguable. Petitioner will contest that his counsel failed to notice and object to the erroneous calculation of the sentencing Court. Petitioner's counsel further failed to object to certain issues adopted by the Court(All Exhibits previously presented).

Further, the Government contests that attorney McCall was very persistent in his work in defending his client. Referring to the sentencing transcripts, of page 15, lines 19 & 20, it is clearly stated when the Defendant responded to the Court, stating "In my opinion, there are some parts that are not good." Petitioner is not sure if the meaning and definition of "not good" needs to be cited to the Government. It was well aware of all partied that Petitioner is not in the competent state to speak the English (American) language and is able to interpret translations by himself. It is known that an interpreter is needed, and it was mentioned that he (the Petitioner) was Not Satisfied while he was in Court. There, it could not be more evident, and the record reflects it clearly.

Moreover, still attorney McCall had always misled the Petitioner into a plea agreement that was also fabricated, and it was used to ruse the Petitioner into signing a plea agreement (Refer back to Exhibit A). The weight of the plea agreement was also a very critical issue as an attorney - client privilege. Attorney McCall consistently started to make accusations against Petitioner, as well as threatening him, and coercing the Petitioner to take the plea, or he would be receiving more time in a Federal Prison (Exhibit A). Again, the weight was falsely misleading the Petitioner to cop the plea, when in essence, attorney McCall was rusing the Petitioner to sign the plea agreement, for a different amount than what the Petitioner was misled to believe.

(3)

CONCLUSION

Wherefore, for the aforementioned facts in this traverse, as well as in the original §2255, and due to the Government's meritless Opposition, the Petitioner prays that this Honorable Court will, in all respects, grant Petitioner his §2255 relief, or in the alternative, order an evidentiary hearing for his expressed errors on behalf of the Government.

Respectfully Submitted,

*HECTOR B. ARIAS*
Hector Bienvenido Arias
REG. NO. 23566-038
FCI Elkton
P.O. Box 10
Lisbon, Ohio  44432

(4)

## VERIFICATION OF PLEADING

    I, Hector Bienvenido Arias, do declare and do certify that, under penalty of perjury (Title 28 U.S.C.A. § 1746), that the aforementioned in the Petitioner's letter to the clerk, the Petitioner's Motion for Extension of Time, the Petitioner's Motion of Traverse to Government's Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct sentence by person in Federal Custody, under Title 28 U.S.C. §2255, is all true, correct, complete, certain, and in good faith.  It is with no intention to delay, or obsrtuct, and is not misleading.

    I am a first-party, competent witness to these stated facts, and I am ready, willing, and prepared to testify in an open Court of Law, under the penalty of perjury, on this <u>6th</u> day of <u>January</u>, <u>2006.</u>

                                            Respectfully Submitted,

                                            *HECTOR B. ARIAS*
                                            Hector Bienvenido Arias
                                            Reg. No. 23566-038
                                            FCI Elkton
                                            P.O. Box 10
                                            Lisbon, Ohio   44432

All items and documentation included in this verification of pleading, under the penalty of perjury, under Title 28 U.S.C.A. § 1746, are:

    -Petitioner's Letter to the Clerk of Courts
    -Petitioner's Motion for Extension of Time
    -Petitioner's Traverse Motion to Government's Opposition
    -Petitioner's Certificate of Service
    -All dated and submitted on the <u>6th</u> day of <u>January, 2006.</u>

<u>**CERTIFIED MAIL RECEIPT NUMBER:**</u> <u>7005 1820 0008 0784 0936</u>

## CERTIFICATE OF SERVICE

    I, Hector Bienvenido Arias, do hereby certify that one (1) original, along with three (3) copies of the Motion for Extension of Time, as well as the Petitioner's Motion of Traverse to Government's Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct sentence by person in Federal Custody, under Title 28 U.S.C. §2255, has been served upon the Clerk of Courts at The United States District Court, For the District of Massachusetts, via United States Postal Service, Certified Mail Receipt # 7005 1820 0008 0784 0936.  Also, a copy (1) of the same mentioned motions, have been served upon Michael J. Pelgro, Assistant United States Attorney, via regular U.S. Mail.  These documents were deposited into the "Legal Mailbox" located at FCI Elkton, in Lisbon, Ohio, on January 6, 2006.  Said documents were served upon the following addresses:

Clerk of Courts
United States District Court
For The District of Massachusetts
c/o JUDGE MARK L. WOLF
United States Courthouse
1 Courthouse Way
Boston, Massachusetts   02210

Sent via Certified Mail Receipt # 7005 1820 0008 0784 0936

Michael J. Pelgro, Esquire
Assistant United States Attorney - District of Massachusetts
United States Attorney's Office - U.S. Department of Justice
United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts   02210

Sent via Pre-Paid Regular U.S. Mail

    Respectfully Submitted,

*HECTOR B. ARIAS*
Hector Bienvenido Arias
Reg. No. 23566-038
FCI Elkton
P.O. Box 10
Lisbon, Ohio   44432